IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| CHARLES A. POWELL, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | 1:18-cv-00824 (LMB/IDD) |
| BANK OF AMERICA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the defendant Bank of America's Motion to Dismiss [Dkt. No. 13] in which it argues that the claims in plaintiffs' Second Amended Complaint[1] should be dismissed under the doctrines of res judicata and collateral estoppel. Defendant also argues that the claims are time-barred. The pro se plaintiffs Charles A. Powell and Janice F. Powell have responded to the motion. Dkt. No. 19. Finding that oral argument would not further the decisional process, the defendant's Motion to Dismiss will be granted without oral argument for the reasons discussed below.

## I. BACKGROUND

In their four-count complaint,[2] plaintiffs allege that the defendant has fraudulently foreclosed on the real property known as 8462 Summer Breeze Lane, Springfield, Virginia (the "Property") and has violated the Home Ownership and Protection Act ("HOEPA"), 15 U.S.C. §

---

[1] Because the Second Amended Complaint is the only complaint in effect it will be referred to as the Complaint and all references will be to it.
[2] Although the Complaint lists eight apparent causes of action—lack of standing to foreclose, fraud in the concealment, quiet title, slander of title, declaratory relief, violations of TILA, violations of RESPA, and rescission—it contains only four counts.

1639, (Count I), the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, et. seq., (Count II), the Truth in Lending Act ("TILA") 15 U.S.C. § 1601, et. seq., (Count III), and the Virginia Consumer Protection Act ("VCPA"), VA. CODE. ANN. §§ 59.1-196, et seq., (Count IV) in the process. Second Amended Complaint ("Compl.") [Dkt. No. 10].

On March 11, 2005, plaintiffs obtained a mortgage loan in the amount of $259,350 from Mortgage Equity Funding Corporation, which was transferred on April 5, 2005 to Aurora Loan Services LLC ("Aurora"). Id. at 3. Plaintiffs allege that the loan was paid in full on June 20, 2006 and a Discharge of Mortgage was prepared by Aurora on August 4, 2006. Id.

On April 21, 2006, plaintiffs obtained a second mortgage loan from BSM Financial ("BSM"). Id. Plaintiffs claim that they "never had a loan with Bank of America nor was [their] loan sold to Bank of America," that any mortgage payments went to BSM, and that plaintiff Janice Powell never signed the Deed of Trust or HUD-1 statement for this 2006 loan. Id. at 3–4. Inconsistently, plaintiffs also allege that Bank of America has been satisfied by payment in the amount of $154,400 for a 1992 loan and funds from a February 24, 1999 refinance, but that these payments were never recorded. Id.

Plaintiffs were sent a notice of a foreclosure sale set for May 9, 2018. Id. at 6. It appears from a document attached to plaintiffs' Opposition that the Property was sold on July 19, 2018 for $361,950. Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Plaintiffs' Opposition") [Dkt. No. 19], Exhibit E. It is unclear who conducted the foreclosure sale.

As the defendant correctly argues in its Motion to Dismiss, "Plaintiffs' confusing narrative of events is largely impossible to comprehend." Defendant's Memorandum in Support re Motion to Dismiss ("Defendant's Memo") [Dkt. No. 15] at 7. For example, as the defendant argues, the record concerning this Property conflicts with plaintiffs' allegations. In 2014, to

2

correct any errors made by BSM regarding the 2006 loan, Bank of America filed a lawsuit against plaintiffs in the Fairfax County Circuit Court that resulted in an entry of summary judgment in favor of Bank of America. Defendant's Memo at 4; Exhibits C and D. The summary judgment order granted Bank of America a constructive trust against the Property and deemed the Deed of Trust to have been signed by both plaintiffs and to be enforceable. Id. Plaintiffs were represented by counsel in that proceeding and counsel endorsed the Consent Order, affirming that the relief granted applied retroactively to July 18, 2014, the date on which Bank of America recorded its lis pendens among the land records. Id.

In 2016, plaintiffs sued Bank of America, as well as JP Morgan Chase Bank, Specialized Loan Services, Mortgage Electronic Registration System, the Bank of New York Mellon, and Aurora in this court. Id.; Exhibits A and B; Case No. 1:16-cv-01186-CMH-TCB. That complaint was dismissed with prejudice on December 12, 2016, and plaintiffs did not appeal the dismissal. Id. Plaintiffs now allege that in the 2016 case, "Counsel for BANA [Bank of America] introduced a HUD-1 that misled the Court to believing that the HUD-1 contained the signature of Janice Powell and that the HUD-1 was used in connection with the 2006 transaction for the Virginia property," when it was actually for a Maryland property, Plaintiffs' Opposition at 6; however, plaintiffs filed a nearly identical complaint regarding a Maryland property in 2016, which was dismissed with prejudice. Powell v. Countrywide Bank, FSB, No. PX 16-1201, 2016 WL 5815884 (D. Md. Oct. 4, 2016).

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pleadings filed by a pro se party must be "liberally construed" and will not be held to the same standards as those filed by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted), they must still satisfy Rule 12(b)(6)'s requirements. The Court must "assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), but only to the extent that those allegations pertain to facts rather than to legal conclusions. Iqbal, 556 U.S. at 678. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully;" instead, plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B. **Analysis**

Defendant first argues that all of plaintiffs' claims are barred by res judicata and collateral estoppel. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). Under collateral estoppel, for a claim to be precluded a party must show (1) that the issue sought to be precluded is identical to one previously litigated, (2) that the issue was actually determined in the prior proceeding, (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding, (4) that the prior judgment is final and valid, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum. Westmoreland Coal Co., Inc. v. Sharpe, 692 F.3d 317, 330–331 (4th Cir. 2012).

In their claims for declaratory judgment and quiet title, plaintiffs are essentially contesting the 2014 state court decision, which declared the 2006 Deed of Trust valid, by arguing

4

that the state court "exceeded its authority." Plaintiffs' Opposition at 5. That same argument was raised in this court in 2016 and rejected by the judge who found that "[p]laintiffs are precluded and estopped from challenging the validity of the deed of trust" because, in the 2014 state court action, "Bank of America was the plaintiff, the Plaintiffs in this action were represented by counsel, and Plaintiffs had a full and fair opportunity to litigate the same theories they assert here in the Prior Case." Defendant's Memo, Exhibit A, at 6. Given the state court ruling and its endorsement by this court in 2016, the validity of the 2006 Deed of Trust cannot be relitigated. Furthermore, plaintiffs could have raised any HOEPA, RESPA, TILA or VCPA claims against Bank of America arising from the 2006 loan in either of these two prior cases, but failed to do so. In 2016, the court also found plaintiffs' RESPA and TILA claims to be time-barred. Id.

To the extent that plaintiffs argue Bank of America has no right to foreclose on the Property because of "several breaks in the chain of title," "the number of times the loan has been securitized," or that the "mortgage and note has [sic] been separated," Compl. at 5, plaintiffs are making a "show-me-the-note" claim, which "courts have roundly rejected" as "plainly contrary to Virginia's non-judicial foreclosure laws." Davis v. White, No. 3:13cv780, 2014 WL 1604270, at *10 (E.D. Va. Apr. 21, 2014) (citing Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012)). Although Virginia law is clear that borrowers lack standing to challenge a lender's securitization process, Wolf v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 432 (4th Cir. 2013), plaintiffs make the vague allegation that Bank of America "hid facts of true sale [sic] the assignment of mortgage pretended to be an A to D transaction when in fact the foreclosing party Bank of America was hiding the A to B, B to C and C to D facts of true sale [sic]." Compl. at 5. This is a meritless claim.

Even if plaintiffs' claims were not barred by res judicata and collateral estoppel, they would all be barred by the statute of limitations. In Count I, plaintiffs allege that the defendant violated HOEPA by "not providing pre-closing disclosures" and "by extending credit without regard to Plaintiff's ability to repay the loan." Compl. ¶¶ 13–16. HOEPA, an amendment to TILA, regulates "high-cost mortgages" by requiring the lender to comply with "special disclosure requirements" and "prohibits the mortgages from containing certain potentially abusive terms." McLeod v. PB Inv. Corp., 492 F. App'x 379, 386 n.5 (4th Cir. 2012). HOEPA has a one-year limitations period. 15 U.S.C. § 1640(e); McLeod, 492 F. App'x at 387. A HEOPA action must be brought within one year "from the date of the occurrence of the violation," which is "no later than the date the plaintiff enters the loan agreement." Hood v. Aurora Loan Servs., No. CCB-10-11, 2010 WL 2696755, at *2 (D. Md. July 6, 2010). The most recent loan agreement plaintiffs describe was entered on April 21, 2006, far outside the one-year limitations period. Compl. at 3. Furthermore, Bank of America did not even originate this loan. Id., Exhibit A. Therefore, Count I is time-barred.

Count II alleges that the defendant violated RESPA by failing to make required disclosures. Id. ¶¶ 20–21. Although plaintiffs fail to identify the RESPA provision under which they sue, Section 2605, which requires that disclosures be made relating to the assignment, sale, or transfer of loan servicing, seems to be the most relevant section. 12 U.S.C.A. § 2605. Defendant argues that RESPA has a one-year limitations period; however, that limitation period applies only to violations of Section 2607 or 2608. 12 U.S.C.A. § 2614. The limitations period is three years for violations of Section 2605. Id.; see also Barnett v. Countrywide Bank, FSB, 60 F. Supp. 3d 379, 393 (E.D.N.Y. 2014) (finding that RESPA claims against a mortgagee arising from the securitization and assignment of their mortgage accrued no later than the date

mortgagee transferred servicing of the loan). Although RESPA's one-year limitations period was used by the court in 2016, that was in reference to plaintiffs' claims against the originator of the loan, BSM, whereas these claims are against Bank of America, a subsequent servicer. Defendant's Memo, Exhibit A, at 6. Plaintiffs do not provide the Court with the date Bank of America began servicing their loan; however, Bank of America's suit against plaintiffs in state court in 2014 establishes that it had been servicing the loan since at least 2014, which is more than three years before plaintiffs filed this RESPA claim. Therefore, the claim is time-barred.

Count III alleges that the defendant violated TILA by failing to make required disclosures. Compl. ¶¶ 25–26. TILA also has a one-year limitations period. 15 U.S.C.A. § 1640(e); McLeod, 492 F. App'x at 387. Therefore, the financing of the loan itself in 2006 and Bank of America's servicing of the loan, which presumably began in 2014, fall outside of this one-year period. Apparently aware of this time bar, plaintiffs request that the doctrine of equitable tolling be applied "based on Defendant's nondisclosure and potential fraud" and because plaintiffs "only recently became aware of these issues." Plaintiffs' Opposition at 9. Although there is no Fourth Circuit precedent answering the question whether TILA's statute of limitations is subject to equitable tolling, other federal courts have held that it is. See Espejo v. George Mason Mortg., LLC, No. 1:09cv1295, 2010 WL 447009, at *6 (E.D. Va. Feb. 2, 2010). To invoke the doctrine of fraudulent concealment, plaintiffs must show that the defendant fraudulently concealed the facts that are the basis of plaintiffs' claim and that plaintiffs failed to discover those facts within the statutory period, despite the exercise of due diligence. Id. (citing Supermarket of Marlinton, Inc. v. Meadow Gold Diaries, Inc., 71 F. 3d 119, 122 (4th Cir. 1995)). Plaintiffs have failed to allege "affirmative acts of concealment" by defendant. Id. More importantly, plaintiffs have failed to allege which "required" or "material" disclosures defendant

mortgagee transferred servicing of the loan). Although RESPA's one-year limitations period was used by the court in 2016, that was in reference to plaintiffs' claims against the originator of the loan, BSM, whereas these claims are against Bank of America, a subsequent servicer. Defendant's Memo, Exhibit A, at 6. Plaintiffs do not provide the Court with the date Bank of America began servicing their loan; however, Bank of America's suit against plaintiffs in state court in 2014 establishes that it had been servicing the loan since at least 2014, which is more than three years before plaintiffs filed this RESPA claim. Therefore, the claim is time-barred.

Count III alleges that the defendant violated TILA by failing to make required disclosures. Compl. ¶¶ 25–26. TILA also has a one-year limitations period. 15 U.S.C.A. § 1640(e); McLeod, 492 F. App'x at 387. Therefore, the financing of the loan itself in 2006 and Bank of America's servicing of the loan, which presumably began in 2014, fall outside of this one-year period. Apparently aware of this time bar, plaintiffs request that the doctrine of equitable tolling be applied "based on Defendant's nondisclosure and potential fraud" and because plaintiffs "only recently became aware of these issues." Plaintiffs' Opposition at 9. Although there is no Fourth Circuit precedent answering the question whether TILA's statute of limitations is subject to equitable tolling, other federal courts have held that it is. See Espejo v. George Mason Mortg., LLC, No. 1:09cv1295, 2010 WL 447009, at *6 (E.D. Va. Feb. 2, 2010). To invoke the doctrine of fraudulent concealment, plaintiffs must show that the defendant fraudulently concealed the facts that are the basis of plaintiffs' claim and that plaintiffs failed to discover those facts within the statutory period, despite the exercise of due diligence. Id. (citing Supermarket of Marlinton, Inc. v. Meadow Gold Diaries, Inc., 71 F. 3d 119, 122 (4th Cir. 1995)). Plaintiffs have failed to allege "affirmative acts of concealment" by defendant. Id. More importantly, plaintiffs have failed to allege which "required" or "material" disclosures defendant

failed to make. Compl. ¶¶ 25–26. Furthermore, in the 2016 lawsuit, the court dismissed plaintiffs' TILA claim against BSM, the originator of the loan, as untimely. Defendant's Memo, Exhibit A, at 6. For these reasons, Count III is also time-barred.

The last count alleges that the defendant violated the VCPA by failing to record the Deed of Trust and presenting a fraudulent HUD-1 to the court. Compl. ¶ 29. The VCPA prohibits certain "fraudulent acts or practices committed by a supplier in connection with a consumer transaction" and is intended to "promote fair and ethical standards of dealing between suppliers and the consuming public." VA. CODE. ANN. §§ 59.1-197, 200(A) (West 2018). The VCPA is not an appropriate venue for plaintiffs' grievances because the VCPA does not apply to banks. § 59.1-199(D) ("Nothing in this chapter shall apply to: ... D. Banks, savings institutions, credit unions, small loan companies, public service corporations, mortgage lenders...."); see also Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 415 (4th Cir. 2015) (finding that defendant need not be the originator of the underlying obligation to be exempt from the VCPA under its "mortgage lender" exemption). In addition, the VCPA has a two-year limitations period. § 59.1-204(1)(A); see also Clark v. Orkin Exterminating Co., Inc., 147 F. Supp. 2d. 458, 463 (W.D. Va. 2001). Any failure to record the Deed of Trust in 2006 and the presentment of the allegedly fraudulent HUD-1 to the state court in 2014 both clearly fall outside the two-year limitations period.[3] Therefore, Count IV is time-barred.

### III. CONCLUSION

As discussed above, this Complaint is difficult to comprehend, but clearly tries to relitigate issues which have already been adjudicated in both a state court and a federal court

---

[3] In their Opposition, plaintiffs claim that this allegedly fraudulent HUD-1 was also presented to this court in 2016. Plaintiffs' Opposition at 6. Although this claim may not be time- barred, it should also be dismissed because, as stated above, the VCPA does not apply to banks.

8

proceeding. As such, plaintiffs' claims must be dismissed as barred by res judicata and collateral estoppel. In addition, all claims exceed the relevant statute of limitations and are therefore time-barred, and plaintiffs are not eligible for equitable relief.

Therefore, defendant's Motion to Dismiss [Dkt. No. 13] will be GRANTED by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 23rd day of October, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge